**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| THE CHEROKEE NATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:18-cv-00056-SPS |
| | ) | |
| MCKESSON CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

**DEFENDANTS' MOTION TO STAY PENDING MDL TRANSFER AND**
<u>**MEMORANDUM IN SUPPORT**</u>

Defendants McKesson Corporation, Cardinal Health, Inc., Cardinal Health 110, LLC, AmerisourceBergen Drug Corporation, CVS Health Corporation, CVS Pharmacy, Inc., Oklahoma CVS Pharmacy, LLC, Walgreens Boots Alliance, Inc., Walgreen Co., and Wal-Mart Stores, Inc. ("Defendants"), by their undersigned attorneys, respectfully move to stay proceedings in this action pending a decision by the Judicial Panel on Multidistrict Litigation (the "JPML") regarding the transfer of this action to MDL No. 2804, *In re: National Prescription Opiate Litigation* (the Multidistrict Litigation, or "MDL"), which is now pending in the United States District Court for the Northern District of Ohio before the Honorable Dan A. Polster.

## **<u>INTRODUCTION</u>**

This case belongs in federal court because McKesson Corporation ("McKesson") has properly removed it pursuant to the federal officer removal statute. *See* 28 U.S.C. § 1442. McKesson supplies prescription opioids to tribal and federal facilities through its Pharmaceutical Prime Vendor Contract (the "PPV Contract") administered by a federal contracting officer; Plaintiff's claims of over-distribution necessarily implicate McKesson's distribution pursuant to the PPV Contract; and McKesson has a colorable federal defense to Plaintiff's claims.

This case also belongs in the MDL pending in the Northern District of Ohio, where it would join hundreds of other opioid-related cases involving common factual allegations, legal questions, and defendants. Transfer of this case and others like it to the MDL promotes the efficient conduct of the national opioid litigation as a whole by placing cases sharing common factual and legal issues before a single judge. Although this case has not yet been transferred to the MDL, the JPML included it in the Conditional Transfer Order issued by the Panel earlier this week. Plaintiff's response to that order is due by March 13.

1

Accordingly, this Court should stay further proceedings, including consideration of Plaintiff's motion to remand (ECF No. 12), pending the JPML's ruling on MDL transfer in order to promote judicial economy and prevent prejudice to Defendants without any serious hardship to Plaintiff.

A federal district court has the authority to stay proceedings as part of "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  "As a general rule, courts frequently grant stays pending a decision by the MDL panel regarding whether to transfer a case."  *Oklahoma ex rel. Pruitt v. EPA*, 2015 WL 4607903, at *2 (N.D. Okla. July 31, 2015) (internal quotations omitted) (staying case despite pending motions for preliminary injunction while JPML considered MDL-initiating motion to transfer).

Courts often consider three factors in assessing the need for a stay: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicate litigation if the cases are in fact consolidated."  *Id.* (internal quotations omitted).  All three factors weigh in favor of a stay here.

***First***, the potential for prejudice to Plaintiff from a brief stay, including a stay of a ruling on its motion to remand, is minimal.  Courts regularly grant motions to stay pending transfer even where, as here, a motion to remand has been filed, because remand motions may be presented to the MDL court.  *See*, *e.g.*, *New Mexico v. Volkswagen Grp. of Am., Inc.*, 2016 WL 4072342, at *2 (D.N.M. Apr. 27, 2016) (citing cases noting that "a court is not powerless to take any action before verifying that it has jurisdiction" and "precedent does not require 'resolving jurisdictional matters before considering whether to grant a stay motion'"); *see also Franklin v.*

*Merck & Co.*, 2007 WL 188264, at \*2 (D. Colo. Jan. 24, 2007) (noting that the "vast majority" of courts address motions to stay even when a remand motion is also pending).  And any minor inconvenience to Plaintiff from a stay pending transfer is outweighed by the significant benefits to all parties of participation in the MDL.

***Second***, Defendants will be prejudiced if this action is not stayed.  This action is one of more than 500 actions filed around the country by counties, cities, Indian tribes, and other entities that seek to recover damages on the basis of expenses they have incurred in dealing with the problem of opioid addiction.  More than 450 such actions have been or will be centralized in the MDL.  All these actions allege that pharmaceutical manufacturers, distributors, and/or pharmacies improperly marketed, distributed, and dispensed opioid medications.  Absent a stay, Defendants would be required to expend unnecessary resources to litigate similar suits in multiple jurisdictions and face inconsistent pretrial rulings or case management procedures.

***Third***, a stay promotes judicial economy.  If this Court does not grant a stay and the JPML transfers this case to the MDL, this Court will have needlessly familiarized itself with the intricacies of a case which will be litigated in another court.  *Cooper v. Siddighi*, 2013 WL 12140988, at \*3 (C.D. Cal. May 8, 2013); *accord Volkswagen*, 2016 WL 402342, at \*2 ("There is no need to duplicate work or risk inconsistent results.")

Accordingly, the Court should stay proceedings, including a ruling on Plaintiff's motion to remand, pending the JPML's ruling on MDL transfer.

## BACKGROUND

On April 20, 2017, Plaintiff Cherokee Nation ("Plaintiff" or "the Tribe") commenced an action in Cherokee Nation District Court in which it alleged that Defendants, the distributors of prescription medications and pharmacies dispensing prescription medications, improperly distributed and sold opioid medications, contributing to the abuse of such medications by the

3

Tribe's members.  *See* Tribal Pet., *Cherokee Nation v. McKesson, et al.*, CV-2017-203 (Cherokee Nation Dist. Ct. Apr. 20, 2017) (attached as Ex. 1).  On June 8, 2017, Defendants filed suit for declaratory and injunctive relief in the Northern District of Oklahoma, seeking to enjoin the Tribe from prosecuting, and the tribal court from adjudicating, the tribal court petition, because federal law precludes the tribal court from asserting jurisdiction over Defendants.  *See* Federal Compl., *McKesson Corp., et al. v. Hembree, et al.*, 4:17-cv-00323, ECF No. 2 (N.D. Okla. June 8, 2017).  After months and multiple rounds of briefing, in January, the Court granted Defendants' motion for a preliminary injunction.  *See McKesson Corp. v. Hembree*, 2018 WL 340042 (N.D. Okla. Jan. 9, 2018).  The Court found that the tribal court's lack of jurisdiction was clear, and that Defendants were likely to be irreparably harmed absent an injunction.  *Id.* at **5, 9, 11.

Ten days after the Court's preliminary injunction order, the Tribe voluntarily dismissed the tribal court action without prejudice and filed a petition against Defendants in the District Court of Sequoyah County, State of Oklahoma.  *See* State Pet., ECF No. 2-1 (attached as Ex. 1a to Notice of Removal).  The state court petition alleged that Defendants are liable under Oklahoma law for harm to Plaintiff and its members allegedly caused by the diversion of prescription opioid medications into the black market in and around the Cherokee Nation's purported "jurisdictional area."  (*See* State Pet. ¶¶ 4-5.)  The Tribe then filed a motion to dismiss the Northern District action as moot, which motion is currently pending.  On February 26, 2018, McKesson removed the state court action pursuant to the federal officer removal statute, 28 U.S.C. § 1442.  Notice of Removal, ECF No. 2.  On March 1, 2018, Plaintiff moved to remand this case to state court.  Mot. to Remand, ECF No. 12.

Meanwhile, over the past year, more than 500 counties, cities, Indian tribes, and others have filed similar actions in courts around the country, the overwhelming majority in federal courts.   In all the actions the plaintiffs seek to recover from various pharmaceutical manufacturers, distributors, and/or sellers, including Defendants here, costs incurred as a result of opioid abuse.

On December 5, 2017, the JPML created the MDL to coordinate pretrial proceedings pursuant to 28 U.S.C. § 1407 in 62 such cases then pending in various federal district courts.  *In re: Nat'l Prescription Opiate Litig.*, --- F. Supp. 3d ----, 2017 WL 6031547, at *1 (J.P.M.L. Dec. 5, 2017).[1]  Section 1407 allows the JPML to coordinate civil actions pending in different districts which "involv[e] one or more common questions of fact" when it determines that coordination "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions."  28 U.S.C. § 1407(a).  In ordering coordination of opioid cases, the JPML found that the actions involved common questions of fact, such as "the manufacturing and distributor defendants' knowledge of and conduct regarding the alleged diversion of these prescription opiates, as well as the manufacturers' alleged improper marketing of such drugs."  *In re: Nat'l Prescription Opiate Litig.*, 2017 WL 6031547, at *2.  The JPML also found that centralization would promote efficiency, given the likelihood of "voluminous" discovery, and would minimize the risk of inconsistent rulings and pretrial obligations.  *Id.*

Shortly after removal, McKesson identified this action to the JPML as a "tag-along" action in accordance with the JPML's rules.  *See* Not. of Potential Tag-Along Action, *In re:*

---

[1]  Since its creation, hundreds of other actions either have been or will be added to the MDL.

5

*Nat'l Prescription Opiate Litig.*, MDL No. 2804, ECF No. 792 (J.P.M.L. Feb. 27, 2018).[2] On March 6, 2018, the JPML issued a conditional transfer order, reflecting its preliminary conclusion that this case and seven others should be transferred to the MDL on the ground they appear to "involve questions of fact that are common to the actions previously transferred to the Northern District of Ohio." *See* Conditional Transfer Order 14, *In re Nat'l Prescription Opiate Litig.*, MDL No. 2804, ECF No. 835, slip op. at *1 (J.P.M.L. Mar. 6, 2018) (attached as Ex. 2). If the Tribe does not oppose transfer by March 13, the JPML's transfer decision will become final. *Id.* If the Tribe opposes transfer, the JPML will make a transfer decision after briefing.

This action, like those already transferred to the MDL—including actions filed by other Indian tribes[3]—alleges that pharmaceutical distributors and sellers of prescription opioids should be held liable for opioid abuse among the Tribe's members. (*See* State Pet. ¶¶ 4-5.) It is thus appropriate for transfer to the MDL.

---

[2] A "[t]ag-along action" is "a civil action pending in a district court which involves common questions of fact with either (1) actions on a pending motion to transfer to create an MDL or (2) actions previously transferred to an existing MDL, and which the Panel would consider transferring under Section 1407." J.P.M.L. Rule 1.1(h). J.P.M.L. Rule 7.1(a) obligates "[a]ny party or counsel in actions previously transferred under Section 1407" to "promptly notify the Clerk of the Panel of any potential tag-along actions in which that party is also named or in which that counsel appears."

[3] *See, e.g.*, *Eastern Band of Cherokee Indians v. AmerisourceBergen Drug Corp. et al.*, No. 1:18-op-45098 (N.D. Ohio Jan. 25, 2018); *Flandreau Santee Sioux Tribe et al. v. Purdue Pharma L.P. et al.*, No. 1:18-op-45095 (N.D. Ohio Jan. 25, 2018); *Leech Lake Band of Ojibwe v. Purdue Pharma L.P. et al.*, No. 1:18-op-45052 (N.D. Ohio Jan. 17, 2018).

## ARGUMENT

**I. THE COURT SHOULD STAY THIS ACTION PENDING THE JPML'S DECISION ON TRANSFER TO THE MDL**

### A. A Stay Will Not Prejudice Plaintiff

Plaintiff will not be prejudiced by a brief stay pending the JPML's ruling on transfer. "[P]otential prejudice to Plaintiff is minimal" where, as here, the duration of the stay would be short. *See Emerson v. Lincoln Elec. Holdings*, 2009 WL 690181, at *1 (W.D. Mo. Mar. 12, 2009); *accord Lopez v. Tyson Foods, Inc.,* 2008 WL 4186242, at *2 (D. Neb. Sept. 8, 2008). Further, if the JPML transfers the case, the Northern District of Ohio can and will resolve pretrial matters in this *and every other* opioid-related case in the MDL, guaranteeing consistent results. If the JPML does not transfer the case, Plaintiff's action can proceed in this Court.

Nor will Plaintiff be prejudiced by a stay of a ruling on its remand motion until this case reaches the MDL. *See* Mot. to Remand at 15, ECF No. 12. Transferor courts routinely grant motions to stay pending MDL transfer, even when a remand motion has been filed. *See*, *e.g.*, *Volkswagen,* 2016 WL 4072342, at *2; *Torres v. Johnson & Johnson*, 2014 WL 6910478, at *2 (D.N.M. Sept. 16, 2014); *FDIC v. Countrywide Fin. Corp.*, 2011 WL 4372915, at *3 (D. Colo. Sept. 19, 2011); *Franklin*, 2007 WL 188264, at *2; *Parisi ex rel. Goldman v. Marsh & McLennan Cos.*, 2004 WL 1534181, at *1 (D. Kan. Apr. 6, 2004). Indeed, just last month, the United States District Court for the Eastern District of Kentucky stayed proceedings in an opioid-related lawsuit that, like this case, was "likely to be consolidated with" the MDL. *Floyd Cty. v. Purdue Pharma L.P.*, No. 7:17-cv-00186, ECF No. 18, slip op. at *4 (E.D. Ky. Jan. 22, 2018) (attached as Exhibit 3). As that Court recognized, "Judge Polster has indicated his desire to address motions to remand collectively." *Id*. In fact, federal district courts in more than 30

similar opioid-related cases have stayed proceedings in similar circumstances.[4]  A stay pending

transfer "does not foreclose the [plaintiff's] jurisdictional challenge because the MDL court will

provide a forum for the motion to remand."  *Volkswagen*, 2016 WL 4072342, at *2.

---

[4] *See*, *e.g.*, *Chicago v. Janssen Pharm. Inc. et al.*, No. 14-cv-4361, ECF No. 659 (N.D. Ill. Nov. 16, 2017) (granting Defendants' opposed motion for "stay pending decision by JPML on a motion to transfer"); *Cty. of Wayne v. Purdue Pharma L.P.*, No. 17-cv-13334, ECF No. 29 (E.D. Mich. Nov. 15, 2017) (finding a stay "appropriate in order to allow the [JPML] to hear and rule on the consolidation motion"); *Lewis v. Purdue Pharma, L.P.*, No. 5:17-cv-5118, ECF No. 57 (W.D. Ark. Oct. 25, 2017) (holding deadlines and hearing dates in abeyance); *see also Knott Cty. v. Purdue Pharma L.P.*, No. 7:18-CV-0006, ECF No. 12, slip op. at *1 (E.D. Ky. Jan. 31, 2018); *Anderson Cty. v. AmerisourceBergen Drug Corp. et al.*, No. 17-cv-00070, ECF No. 19, slip op. at *1 (E.D. Ky. Nov. 3, 2017); *Boone Cty. v. AmerisourceBergen Drug Corp. et al.,* No. 17-cv-00157, ECF No. 23, slip op. at *1 (E.D. Ky. Nov. 3, 2017); *Boyle Cty. v. AmerisourceBergen Drug Corp. et al.*, No. 17-cv-00367, ECF No. 19, slip op. at *1 (E.D. Ky. Nov. 3, 2017); *Campbell Cty. v. AmerisourceBergen Drug Corp. et al.*, No. 17-cv-00167, ECF No. 21, slip op. at *1 (E.D. Ky. Nov. 3, 2017); *Garrard Cty. v. AmerisourceBergen Drug Corp. et al.*, No. 17-cv-00369, ECF No. 20, slip op. at *1 (E.D. Ky. Nov. 3, 2017); *Fleming Cty. v. AmerisourceBergen Drug Corp. et al.*, No. 17-cv-00368, ECF No. 18, slip op. at *1 (E.D. Ky. Nov. 3, 2017); *Harlan Cty. v. AmerisourceBergen Drug Corp. et al.*, No. 17-cv-00247, ECF No. 19, slip op. at *1 (E.D. Ky. Nov. 3, 2017); *Knox Cty. v. AmerisourceBergen Drug Corp. et al.*, No. 17-cv-00248, ECF No. 20, slip op. at *1 (E.D. Ky. Nov. 3, 2017); *Leslie Cty. v. AmerisourceBergen Drug Corp. et al.*, No. 17-cv-00249, ECF No. 20, slip op. at *1 (E.D. Ky. Nov. 3, 2017); *Lincoln Cty. v. AmerisourceBergen Drug Corp. et al.*, No. 17-cv-00370, ECF No. 20, slip op. at *1 (E.D. Ky. Nov. 3, 2017); *Madison Cty. v. AmerisourceBergen Drug Corp. et al.,* No. 17-cv-00371, ECF No. 21, slip op. at *1 (E.D. Ky. Nov. 2, 2017); *Nicholas Cty. v. AmerisourceBergen Drug Corp. et al.,* No. 17-cv-00373, ECF No. 21, slip op. at *1 (E.D. Ky. Nov. 2, 2017); *Franklin Cty. v. AmerisourceBergen Drug Corp. et al.,* No. 17-cv-00071, ECF No. 19, slip op. at *1 (E.D. Ky. Nov. 2, 2017); *Henry Cty. v. AmerisourceBergen Drug Corp. et al.*, No. 17-cv-00073, ECF No. 20, slip op. at *1 (E.D. Ky. Nov. 2, 2017); *Shelby Cty. v. AmerisourceBergen Drug Corp. et al.*, No. 17-cv-00072, ECF No. 20, slip op. at *1 (E.D. Ky. Nov. 2, 2017); *Kenton Cty. v. AmerisourceBergen Drug Corp. et al.*, No. 17-cv-00182, ECF No. 25, slip op. at *1 (E.D. Ky. Nov. 2, 2017); *Bell Cty. v. AmerisourceBergen Drug Corp. et al.,* No. 17-cv-00246, ECF No. 21, slip op. at *1 (E.D. Ky. Oct. 27, 2017); *City of Lorain v. Purdue Pharma, L.P.,* No. 17-cv-01639, ECF No. 66 (N.D. Ohio Oct. 27, 2017); *Boyd Cty. v. AmerisourceBergen Drug Corp. et al.,* No. 17-cv-00104, ECF No. 19, slip op. at *1 (E.D. Ky. Oct. 27, 2017); *Greenup Cty. v. AmerisourceBergen Drug Corp. et al.*, No. 17-cv-00105, ECF No. 19, slip op. at *1(E.D. Ky. Oct. 27, 2017); *Clay Cty. v. AmerisourceBergen Drug Corp. et al.,* No. 17-cv-00255, ECF No. 20, slip op. at *1 (E.D. Ky. Oct. 27, 2017); *Pendleton Cty. v. AmerisourceBergen Drug Corp. et al.,* No. 17-cv-00070, ECF No. 23, slip op. at *1 (E.D. Ky. Oct. 27, 2017); *Whitley Cty. v. AmerisourceBergen Drug Corp. et al.*, No. 17-cv-00250, ECF No. 19, slip op. at *1 (E.D. Ky. Oct. 27, 2017).

While Plaintiff claims that "the Cherokee Nation's action will be stalled for an indeterminate period of time" if it is transferred to the MDL (Mot. to Remand at 5, ECF No. 12), and seeks expedited remand on that basis, this statement ignores the significant benefits to all parties from participation in an MDL, as well as Judge Polster's invitation to the parties to the MDL to state their views as to the appropriate procedures for deciding motions to remand. Plaintiff's claims are not unique:  numerous governmental entities, Indian tribes, and others across the country have filed similar actions, including against many of Defendants here.  *See In re: Nat'l Prescription Opiate Litig.*, 2017 WL 6031547, at \*\*1, 3 (centralizing 62 actions in the MDL).  In creating the MDL, the JPML recognized that "[a]lthough individualized factual issues may arise in each action, such issues do not—especially at this early stage of litigation—negate the efficiencies to be gained by centralization."  *Id.* at \*2.  Moreover, Judge Polster recently "direct[ed] the parties to submit to the Special Masters **no later than 12:00 noon on Friday, March 16, 2018**, their suggestions regarding the appropriate scope and timing of a litigation track and the contents of a case management order ('CMO'), including identification of test cases, sequencing of discovery, timing of motion practice (**including issues related to remand**), and any other relevant matters."  Minutes of 3/6/2018 Conference and Order, *In re: Nat'l Prescription Opiate Litig.*, 17-md-2804, ECF No. 170, slip op. at \*1 (N.D. Ohio Mar. 7, 2018) (attached as Ex. 4) (second emphasis added).

MDL transfer enables coordinated discovery, motion practice, expert rulings, and/or settlement.  For instance, the MDL court's current concern is to "focus everyone's present efforts on abatement and remediation of the opioid crisis rather than pointing fingers and litigating legal issues," and for all counsel to "focus their efforts on resolution."  Minutes of Initial Pretrial

Conference – 1/9/2018, *In re: Nat'l Prescription Opiate Litig.*, 17-md-2804, ECF No. 70, slip op. at **1-2 (N.D. Ohio Jan. 11, 2018).  Presumably, Plaintiff shares this goal.

To the extent Plaintiff suggests in its motion to remand that it will be prejudiced by MDL transfer because the MDL court is currently deferring consideration of remand motions in other cases, that suggestion is both misdirected and unfounded.  It is misdirected because it should be presented, if at all, to the JPML in opposition to the Panel's recent conditional transfer order.  It is unfounded because the MDL court's order does not mean that it will *never* rule on remand; the order specifically contemplates lifting the moratorium on substantive filings in the future.  *See* Order Regarding Remands, *In re: Nat'l Prescription Opiate Litig.*, 17-md-2804, ECF No. 130, slip op. at **1-2 (N.D. Ohio Feb. 16, 2018) (explaining that upon lifting the moratorium on remand motions, the parties will be able to file motions to remand without waiver of any rights or obligations relating to timeliness.)  In fact, on March 6 Judge Polster expressly invited the parties to set forth their views with respect to "the appropriate scope and timing of a litigation track and the contents of a case management order," including in particular how motions to remand should be handled.  Ex. 4 at *1.  And in any event, "[t]here is no way to predict with accuracy when any court may rule on a pending motion.  Not knowing when a court may rule on a motion does not constitute prejudice to plaintiff."  *Volkswagen*, 2016 WL 4072342, at *2 (noting that plaintiff's fear of an "indefinite delay" of remand ruling did not defeat the need for a stay pending MDL transfer).

In addition, if Plaintiff believes its motion to remand for some reason merits faster consideration than those filed in other cases in the MDL, it can seek relief from the MDL court to that effect.  The MDL court has wide discretion to fashion such case-specific procedures where appropriate.  Moreover, because of its broad perspective on the national opioid litigation

as a whole, the MDL court is uniquely suited to assessing when and how to address remand motions such as Plaintiff's.  Thus Plaintiff will not be prejudiced by a stay.

**B.      Defendants Will Be Prejudiced Absent A Stay**

A stay should be granted because without it, Defendants face the prospect of duplicative litigation in multiple fora, contrary to the aims of multidistrict litigation itself.  Defendants are involved in hundreds of opioid-related lawsuits across the country, and the central goal of the MDL is to consolidate these actions in a single court to reduce the cost and inefficiency of litigating these claims.  As the JPML explained, "centralization will substantially reduce the risk of duplicative discovery, minimize the possibility of inconsistent pretrial obligations, and prevent conflicting rulings on pretrial motions."  *In re: Nat'l Prescription Opiate Litig.*, 2017 WL 6031547, at *2.  Allowing this case to proceed on a separate track would frustrate this goal.  *See Volkswagen*, 2016 WL 4072342, at *2 ("[T]he potential prejudice to defendants in terms of duplicative motions practice and discovery outweighs plaintiff['s] interest in a speedy determination of their motion."); *see also Hertz Corp. v. Gator Corp.*, 250 F. Supp. 2d 421, 427 (D.N.J. 2003) ("[T]he heavy financial burden on [defendants] borne by having to defend [themselves] in multiple fora . . . is a clear hardship weighing in favor of staying [an] action until the MDL Panel renders its decision.").

As one transferor court explained,

> The purpose of transferring actions to multidistrict litigation is to further "the convenience of parties and witnesses and . . . promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a).  If various plaintiffs are allowed to proceed against [the defendant] in different forums, including state court, [the defendant] will be forced to re-argue the same issues and engage in duplicative motion practice and discovery proceedings.  This result runs contrary to the purpose of multidistrict litigation and causes significant hardship to [the defendant].

11

*Cooper*, 2013 WL 12140988, at \*4.  Other courts have expressed similar concerns.  "[T]he potential for duplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of [a] stay."  *Emerson*, 2009 WL 690181, at \*1 (second alteration in original) (internal quotation marks omitted).

Absent a stay, if this Court denies Plaintiff's motion to remand, the parties could begin proceedings on the merits in this case while Defendants and other plaintiffs are continuing to seek resolution of the cases in the MDL.  *Cf. Torres*, 2014 WL 6910478, at \*3 n.1 (noting that "if the Court does not stay the case and denies the motion to remand the parties could very well begin the discovery process in this case while Defendants also conduct discovery in its MDL cases.")

Furthermore, proceeding in multiple fora would expose Defendants to the risk of inconsistent rulings.  *In re: Nat'l Prescription Opiate Litig.*, 2017 WL 6031547, at \*2 ("[A]llowing the various cases to proceed independently across myriad districts raises a significant risk of inconsistent rulings and inefficient pretrial proceedings."); *see also*, *e.g.*, *Pruitt*, 2015 WL 46047903, at \*4 (holding that defendants would be prejudiced by denial of a stay because they could be subject to inconsistent preliminary injunctions).  Thus Defendants would be prejudiced if a stay is not granted.

### C.    A Stay Promotes Judicial Economy

Finally, granting a stay undoubtedly will promote judicial economy.  The explicit purpose of multidistrict litigation is to coordinate the pretrial management of actions sharing common issues in a "just and efficient" manner.  28 U.S.C. § 1407(a).  Allowing an individual action to proceed before the JPML has made a final determination on transfer would undermine that purpose by requiring this Court to "needlessly expend[] its energies familiarizing itself with the intricacies of a case that would be heard by another judge."  *Rivers v. Walt Disney Co.*, 980

12

F. Supp. 1358, 1360 (C.D. Cal. 1997).  By contrast, granting a stay pending the JPML's ruling on transfer to the MDL will conserve the Court's resources and prevent duplicative discovery and pretrial management efforts.  *Bledsoe v. Janssen Pharm.*, 2006 WL 335450, at *1 (E.D. Mo. Feb. 13, 2006) ("judicial economy weighs heavily in favor of granting the requested stay . . . [which] will conserve judicial resources because only one court will need to make [pretrial] rulings."); *accord Freitas v. McKesson Corp.*, 2012 WL 161211, at *2 (N.D. Cal. Jan. 10, 2012) (finding "that a stay would best serve the interests of judicial economy."); *see also ZeniMax Media Inc. v. Samsung Elecs. Co.*, 2017 WL 4805524, at *1 (E.D. Tex. Oct. 25, 2017) ("Concluding that a stay will conserve the court's resources, avoid duplicative litigation, and avoid inconsistent rulings, the court stays the case" pending the adjudication of a related case.)

In addition, granting a stay will avoid the risk of inconsistent rulings on pretrial motions. *Bledsoe*, 2006 WL 335450, at *1 ("[A] stay will allow for consistent pretrial rulings."); *see also, e.g.*, *Allen v. Wyeth*, 2008 WL 11204717, at *1 (D. Minn. Dec. 17, 2008) (granting a stay because, upon transfer, MDL court would "be in the best position to rule" on plaintiffs' pre-trial motions "in a way that promotes consistency between the parties in the MDL").  Avoiding the risk of inconsistent rulings is one of the reasons why Congress established the multidistrict litigation procedure.  *See Ortenzio v. Eli Lilly & Co.*, 2007 WL 1813786, at *1 (N.D. W. Va. June 21, 2007) ("This Court recognizes that one of the important functions of a transfer to the JPML pursuant to 28 U.S.C. § 1407(a) is to 'further judicial economy and to eliminate the potential for conflicting pretrial rulings.'") (citation omitted); *In re Vioxx Prods. Liab. Litig.*, 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005).  A stay "will promote judicial economy because the actions raise common issues that can be handled more efficiently through consolidation for

13

discovery and pretrial proceedings." *Tucker v. Organon USA, Inc.*, 2013 WL 2255884, at *2 (N.D. Cal. May 22, 2013).

Finally, a stay is appropriate to effectuate the role of the MDL court and the JPML in multidistrict litigation.  The MDL statute contemplates that the judge presiding over the MDL, rather than the judge before whom a case was originally filed, will determine what steps are appropriate to manage the large number of filed cases, and will identify which motions will be singled out for early resolution despite the pendency of settlement efforts.  *See* 28 U.S.C. § 1407(b) ("Such coordinated or consolidated pretrial proceedings shall be conducted by a judge or judges to whom such actions are assigned by the [JPML].")  The statute also contemplates that the JPML will determine what cases initially belong in an MDL.  *See* 28 U.S.C. § 1407(a) ("Such transfers shall be made by the [JPML] upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions").  This Court should grant the requested stay so that the JPML may finish the process it has begun with respect to this very case, when it conditionally included the case among those recently filed federal actions that should be added to the MDL.

Movants' counsel in Tulsa, Oklahoma, in good faith, has conferred with Plaintiff's counsel from New York by telephone and Plaintiff objects to this Motion.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter an order (1) vacating all deadlines to respond to the Complaint or Plaintiff's Motion to Remand; and (2) staying all proceedings in this case until further notice from (a) the Northern District of Ohio if this matter is transferred to the MDL or (b) this Court if the matter is not transferred.

Respectfully submitted,


s/Stuart D. Campbell
Stuart D. Campbell, OBA #11246
Kaylee Davis-Maddy, OBA #31534
DOERNER, SAUNDERS, DANIEL
& ANDERSON, L.L.P.
700 Williams Center Tower II
Two West Second Street
Tulsa, Oklahoma 74103-3522
Telephone 918-582-1211
Facsimile 918-591-5360
scampbell@dsda.com
kmaddy@dsda.com
**Counsel for Defendant McKesson
Corporation**


s/D. Michael McBride, III
*(Signed with permission by filing counsel)*
D. Michael McBride III, OBA  #15431
Susan E. Huntsman, OBA #18401
CROWE & DUNLEVY
A Professional Corporation
500 Kennedy Building
321 S. Boston Ave.
Tulsa, O K 74103
Telephone 918-592-9800
Facsimile 918-592-9801
mike.mcbride@crowedunlevy.com
susan.huntsman@crowedunlevy.com

*Of counsel:*
Alvin L. Emch
JACKSON KELLY PLLC
500 Lee Street, East, Suite 1600
P.O. Box 553
Charleston, WV  25322
Telephone 304-340-1000
Facsimile 304-340-1130
aemch@jacksonkelly.com

Robert A. Nicholas
Thomas H. Suddath, Jr.

15

Reed Smith LLP
Three Logan Square, Ste. 3100
1717 Arch Street
Philadelphia, PA  19103
Telephone 215-851-8100
Facsimile 215-851-1420
rnicholas@reedsmith.com
tsuddath@reedsmith.com

Thomas F. Gede
Morgan, Lewis & Bockius, LLP
One Market, Spear Street Tower
San Francisco, CA  94105
Telephone 415-442-1000
Facsimile 415-442-1001
tom.gede@morganlewis.com
***Counsel for Defendant AmerisourceBergen
Drug Corporation***

*s/ G. Calvin Sharpe*
*(Signed with permission by filing counsel)*
G. Calvin Sharpe, OBA #11702
Amy D. White, OBA #19225
PHILLIPS MURRAH, P.C.
Corporate Tower, 13th Floor
101 N. Robinson Ave.
Oklahoma City, OK 73102
Tel:     (405) 235-4100
Fax:     (405) 235-4133
E-mail:gcsharpe@phillipsmurrah.com
          adwhite@phillipsmurrah.com

*Of Counsel:*
Richard Schirtzer (admitted *pro hac vice*)
JD Horton (admitted *pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN
LLP
865 S Figueroa St
Los Angeles, CA 90017
Tel:     (213) 443-3000
E-mail:richardschirtzer@quinnemanuel.com
          jdhorton@quinnemanuel.com
***Counsel for Defendants CVS Health
Corporation***

16

*s/ Steven E. Holden*
*(Signed with permission by filing counsel)*
Steven E. Holden, OBA #4289
Don W. Danz, OBA #14607
Jane L. Cowdery, OBA #13920
Stuart P. Ashworth, OBA #31468
HOLDEN & MONTEJANO
15 East 5th Street, Suite 3900
Tulsa, OK 74103
Tel:     (918) 295-8888
Fax:     (918)  295-8889
E-mail:SteveHolden@HoldenLitigation.com
        DonDanz@HoldenLitigation.com
        JaneCowdery@HoldenLitigation.com
        StuartAshworth@HoldenLitigation.com
**Counsel for Defendant Walgreens Boots
Alliance, Inc.**


*s/ Ryan A. Ray*
*(Signed with permission by filing counsel)*
Joel L. Wohlgemuth, OBA #9811
Ryan A. Ray, OBA #22281
NORMAN WOHLGEMUTH CHANDLER JETER
BARNETT & RAY, P.C.
2900 Mid-Continent Tower
401 S. Boston Ave.
Tulsa, OK 74103
Tel:     (918) 583-7571
Fax:     (918) 584-7846
E-mail:rar@nwcjlaw.com
        jlw@nwcjlaw.com

James J. Proszek, OBA #10443
Timothy S. Posey, OBA #13755
HALL, ESTILL, HARDWICK, GABLE, GOLDEN
& NELSON, P.C.
320 S. Boston Ave., Suite 200
Tulsa, OK  74103-3706
Tel:     (918) 594-0529
Fax:     (918) 594-0505
E-mail: jproszek@hallestill.com
        tposey@hallestill.com

*Of Counsel:*
Enu Mainigi
F. Lane Heard
Steven M. Pyser
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC  20005
Tel: (202) 434-5000
Fax: (202) 434-5029
E-mail:emainigi@wc.com
       lheard@wc.com
       spyser@wc.com
**Counsel for Defendant Cardinal Health,
Inc.**


s/ Larry D. Ottaway
Larry D. Ottaway, OBA #6816
Amy Sherry Fischer, OBA #16651
Jordyn L. Cartmell, OBA #31043
FOLIART, HUFF, OTTAWAY &
BOTTOM
201 Robert S. Kerr Avenue, 12th Floor
Oklahoma City, OK 73102
Telephone: 405-232-4633
Facsimile: 405-232-3462
larryottaway@oklahomacounsel.com
amyfischer@oklahomacounsel.com
jordyncartmell@oklahomacounsel.com


Karen P. Hewitt
(Pro hac vice forthcoming)
Claire E. Castles
(Pro hac vice forthcoming)
James R. Wooley
(Pro hac vice forthcoming)
Laura Jane Durfee
(Pro hac vice forthcoming)
JONES DAY
555 South Flower Street, 50th Floor
Los Angeles, CA  90071
Telephone: 213-243-2629
Facsimile: 213-243-2539
kphewitt@jonesday.com
ccastles@jonesday.com
jrwooley@jonesday.com

18

ldurfee@jonesday.com
***Counsel for Defendant Wal-Mart Stores,***
***Inc.***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following parties are being served with a copy of this document on this 8th day of March, 2018, in accordance with the Federal Rules via CM/ECF or as otherwise indicated below:

| | |
|---|---|
| M. Todd Hembree | Stephen N. Zack |
| Chrissi Ross Nimmo | Tyler Ulrich |
| John Young | Patricia A. Melville |
| Washington, DC 20036 | BOIES SCHILLER FLEXNER, LLP |
| The Cherokee Nation | 100 SE 2nd Street, Suite 2800 |
| P.O. Box 948 | Miami, Florida 33131 |
| Tahlequah, OK 74464 | |
| | |
| Richard Fields | William S. Ohlemeyer |
| FIELDS LAW PLLC | BOIES SCHILLER FLEXNER, LLP |
| 2000 Massachusetts Ave. | 333 Main Street |
| Washington, DC 20036 | Armonk, NY 10504 |
| | |
| Frank Sullivan, III | |
| SULLIVAN & SULLIVAN, PLLC | |
| P.O. Box 768, 105 N. Oak | |
| Sallisaw, Oklahoma 74955 | |

**COUNSEL FOR THE CHEROKEE NATION**

*s/Stuart D. Campbell*